UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-40025 FDS

MARCUS B. DIGGS JR

CIVIL ACTION

V

ATTORNEY CHESTER V. SHEA III BBO 45582
COMMITTEE FOR PUBLIC COUNSEL SERVICE
AMERICAN BAR ASSOCIATION ET AL

FEDERAL CIVIL ACTION
FEDERAL JURISDICTION 42 U.S.C.A. 1983

FEDERAL CIVIL COMPLAINT
PAGE(S) 1-13

CERTIFICATE OF SERVICE                                      PG 1-13

I, MARCUS B. DIGGS JR DO STATE THAT I HAVE SERVED A TRUE COPY OF CIVIL LAW SUITE PUSUANT TO 42 U.S.C.A. 1983 ON THE DEFENDANT CHESTER V. SHEA III AND PARTIES ET AL AS WELL AS ON THE BOARD OF BAR OF OVERSEERS SJC OF MASSACHUSETTS AND ATTORNEY GENERAL OF MASSACHUSETTS, ENCLOSED ALSO IS THE PLAINTIFFS RECORD APPENDIX OF EVIDENCE RELIED ON, THIS CIVIL ACTION HAS BE MAILED FIRST CLASS MAIL TO THE FOLLOWING PARTIES:

ATTORNEY CHESTER V. SHEA III BBO 45582
484 MAIN STREET SUITE 570
WORCESTER MASS 01608.

AND TO

UNITES STATES DISTRICT COURT
DONOHUE FEDERAL BUILDING
595 MAIN STREET
WORCESTER MASS 01608.

AND TO

SUPREME JUDICIAL COURT OF MASSACHUSETTS
OFFICE OF THE BAR OF OVERSEERS
SUSAN STRAUSS WEISBERG
99 HIGH STREET
BOSTON MASS 02110-2320.

AND TO

OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE 20TH FLOOR
THOMAS RIELY
BOSTON MASS 02108.

AND TO

COMITTEE FOR PUBLIC COUNSEL SERVICE
44 BROMFIELD STREET
BOSTON MASS 02108.

AND TO

COMITTEE FOR PUBLIC CONSEL SERVICE
EXECUTIVE OFFICE
MICHEAL S. HUSSEY
340 MAIN STREET SUITE 724
WORCESTER MASS01608.

American Bar Association
750 N Lake Shore Drive
Chicago IL 60611

RESPECIFULLY SUBMITTED

/s/ Marcus Diggs

MARCUS B. DIGGS JR

UNITED STATES DISTRICT COURT  PG 2-13
DISTRICT OF MASSACHUSETTS

MARCUS B. DIGGS JR PROSE                          CIVIL ACTION _____

V.

ATTORNEY CHESTER V. SHEA III BBO 45582
AMERICAN BAR ASOCIATION, BAR ADVOCATE(S)
COMITTEE FOR PUBLIC COUNSEL SERVICE ET AL

COMPLAINT

I, THE PLAINTIFF MARCUS DIGGS IS A RESIDENT OF YOUR TOWN ( WORCESTER COUNTY ) AND A LAWFUL AND NATURAL CITIZEN OF THE UNITED STATES OF AMERICA.

THE DEFENDANT(S) CHESTER V. SHEA III ET AL ARE LAWFUL RESIDIENTS OF THE UNITED STATES OF AMERICA.

JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 42 U.S.C.A. 1983

FACTUAL BACKGROUND

ON JANUARY 21,2004 THE DEFENDANT CHESTER V. SHEA III BBO 45582 ENTERED INTO A CONTRACT WITH THE PLAINTIFF UNDER THE DIRECTION AND SUPERVISION OF THE DEFENDANT(S) ET AL WHEREBY THE DEFENDANT(S) AGREED TO PROVIDE THE PLAINTIFF WITH THE EFFECTIVE ASSISTANCE OF COUNSEL AFFORDED TO AND BY THE UNITEDSTATES CONSTITUTION OF AMERICA 6 AMENDMENT AND UNDER THE MASSACHUSETTS RULES OF COURT RULE 3:07 OF THE SUPREME JUDICIAL COURT OF MASSACHUSETTS AND SUPREME JUDICIAL COURT RULE 3:10.

ON JANUARY 21,2004 ATTORNEY CHESTER V. SHEA III WAS APPOINTED TO REPRESENTED THE PLAINTIFF IN THE MATTER OF COMMONWEALTH V. MARCUS DIGGS DKT 0462 CR 000034 BY JUSTICE BRENNAN MARTHA IN THE WOCESTER DISTRICT COURT ( SEE LETTER OF APPOINTMENT BY C.P.C.S. ) THE CASE WAS SCHEDULED FOR A PRE TRIAL CONFERENCE ON FEBUARY 17,2004.

THE DEFENDANT(S) CHESTER V. SHEA III VIOLATED THE PLAINTIFFS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE 6 AMEND AND CONCURRENTLY VIOLATED THE RULES OF THE SUPREME JUDICIAL COURT RULE 3:10(A) KNOWINGLY AND DELIBERATELY AND INDIFFERENTLY OF THE PLAINTIFFS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN WHICH HE WAS REQUIRED TO FILE HIS NOTICE OF APPEARANCE WITHIN 48 HOURS AFTER NOTICE OF ASSIGNMENT, THE DEFENDANT CHESTER V. SHEA III HAD DIRECT NOTICE OF HIS ASSIGMENT TO THE PLAINTIFFS CASE ON JANUARY 21,2004 BY THE HONORABLE JUSTICE MARTHA BRENNAN, BUT DELIBERATELY DEPRIVED THE PLAINTIFF OF HIS RIGHT TO COUNSEL UNDER U.S.C.A. 6 AMEND AND KNOWINGLY LIED TO THE SUPREME JUDICIAL COURT REGARDING WHEN HE WAS NOTIFIED OF BEING ASSIGNED TO THE PLAINTIFF ( SEE: RESPONSE LETTER OF ATTORNEY CHESTER V. SHEA III DATED: APRIL 27,2004 ) IN WHICH THE DEFENDANT ALLEDGED THAT HE WAS NOTIFIED OF THE ASSIGNMENT ON OR ABOUT FEBUARY 1,2004 A SUNDAY, THE PLAINTIFF STATES THAT HE FILED A COMPLAINT AGAINST THE ATTORNEY-DEFENDANT CHESTER V. SHEA III WITH THE MASSACHUSETTS BOARD OF BAR OF OVERSEERS ON MARCH 17,2004.

THE PLAINTIFF STATES THAT ON FEBUARY 17,2004 THE DEFENDANT CHESTER V. SHEA III APPEARED IN THE WORCESTER DISTRICT COURT AND FILED A NOTICE OF APPEARANCE FOR TH FIRST TIME AFTER HAVING DEPRIVED THE PLAINTIFF HIS RIGHT TO COUNSEL, WHICH RIGHT WAS GRANTED BY THE COURT BRENNAN,J ON JANUARY 21,2004 BUT NOT HONORED BY THE DEFENDANT CHESTER V. SHEA III, THE DEFENDANT ENGAGED IN A PRE TRIAL CONFERENCE ON FEBUARY 17,2004 WITHOUT HAVING DONE ANY INVESTIGATION OR PREPARATIONS INTO THE PLAINTIFFS CASE, THE DEFENDANT APPEARED ON FEBUARY 17,2004 AND SIGNED THE PRE TRIAL CONFERENCE REPORT WITH DELIBERATE INDIFFERENCE OF THE PLAINTIFFS RIGHTS AND ENGAGED IN A PRE TRIAL CONFERENCE PROCEEDING WITH TOTAL RECKLESSNESS AND MALICIOUS CONDUCT, KNOWING AND WELL KNOWING THAT HE HAD NOT EVEN FILED AN APPEARANCE UNTIL FEBUARY 17,2004.

THE PLAINTIFF STATES THAT THE DEFENDANT CHESTER V. SHEA III VIOLATED HIS RIGHT TO COUNSEL AN DEPRIVED HIM OF HIS RIGHT UNDER U.S.C.A. 6 AMEND AND THAT SUCH DEPRIVATION IS THE APPROXIMATE CAUSE OF THE PLAINTIFFS PROLONGED PRE TRIAL DETENTION, THE DEFENDANT ADMITTED TO THE SUPREME COURT OF MASSACHUSETTS THAT HE WAS APPOINTED ON JANUARY 21,2004 IN HIS RESPONSE LETTER TO THE PLAINTIFFS COMPLAINT AGAINST HIM TO THE BOARD OF BAR OF OVERSEERS OF MASSACHUSETTS, BECAUSE THE DISTRICT COURT

OF WOCESTER JUSTICE BRENNAN MARTHA WOULD NOT HAVE SUBJECTED THE PLAINTIFF TO PRE TRIAL DETENTION AND SET A PRE TRIAL CONFERENCE HEARING WITHOUT COUNSEL, THE PLAINTIFF STATES THAT HE WAS DEPRIVED OF HIS RIGHTS UNDER THE UNITEDSTATES CONSTITUTION TO COUNSEL AND THAT THE COURT WOCESTER DISTRICT DID IN FACT GRANT HIM AN ATTORNEY ( DEFENDANT: CHESTER V. SHEA III ) BUT THAT THE ATTORNEY ACTED TO DEPRIVE HIM OF THE RIGHTS AFFORDED TO HIM AND DID SO, KNOWINGLY AND WILLFULLY WITH RECKLESS DISREGARD FOR THE PLAINTIFFS RIGHTS.

## TWO PRE TRIAL CONFERENCE HEARINGS

THE PLAINTIFF STATES THAT HE WAS FORCED TO EXTENDED PRE TRIAL ANXIETY AND STIGMATATION AND TO NEEDLESS STRESS AND WORRY BECAUSE OF THE NEGLIGENT CONDUCT OF THE DEFENDANT CHESTER V. SHEA III. THE PLAINTIFF STATES THAT WHILE IT MAY BE ENOUGH UNDER 42 U.S.C.A. 1983 TO MERELY ESTABLISH A DEPRIVATION OF RIGHTS UNDER UNITEDSTATES CONSTITUTIONAL LAW 6 AMEND, HE HEREBY AND HEREIN SETS FORTH THAT THE ACTIONS OF THE DEFENDANT CHESTER V. SHEA III CAUSED HIM <u>EXTENSIVE PRE TRIAL ANXIETY</u> AND ASOCIATED STIGMATATION AND STRESS BECAUSE THE DEFENDANT CAUSED A SECOND PRE TRIAL CONFERENCE TO BE HELD ON MARCH 16,2004.

THE PLAINTIFF STATES THAT IF THE ATTORNEY-DEFENDANT HAD COMPLIED WITH THE DIRECTIVES AND MANDATES OF THE NOTICE OF APPOINTMENT ON JANUARY 21,2004 IN WHICH HE WAS APPOINTED TO THE CASE 0462 CR CCC034 AND NOT MERELY FOR THE PURPOSE OF A BAIL HEARING, WHICH HEARING WAS <u>ARRAINGMENT IN WHICH AUTOMATIC</u> DISCOVERY UNDER MASS.R.CRIM.P. RULE 14 IS ( MANDATORY ) THEN THE DEFENDANT-ATTORNEY WOULD HAVE HAD THE POLICE REPORT ON JANUARY 21,2004 AND ANY OTHER RELATIVE MATERIAL FOR PREPARATION TO EFFECTIVELY ENGAGE IN A PRE TRIAL CONFERENCE AS SCHEDULED FOR FEBUARY 17,2004. BUT FOR THE DEPRIVATION OF THE PLAINTIFFS RIGHTS TO THE ASSISTANCE OF COUNSEL BY ATTORNEY CHESTER V. SHEA III, HE WOULD NOT HAVE HAD TO SUFFER THE EXTENDED STRESS AND ANXIETY OF A SECOND PRE TRIAL CONFERENCE, FURTHER THE PLAINTIFF STATES THAT THE DEFENDAT VIOLATED THE SJC RULE OF PROFESSIONAL CONDUCT RULE 3:07 IN ITS ENTIRETY AND SPECIFICALLY RULE 1.1 BY NOT EXERCISING EITHER COMPETENCE OR KNOWLEDGE,SKILL,AND THOROUGHNESS NECESSARY FOR REPRESENTATION, THE PLAINTIFF STATES THAT THIS HONORABLE COURT SHOULD ALSO APPLY THE LAW OF THE STATE OF MASSACHUSETTS IN DETERMINING WHETHER THE ATTORNEY-DEFENDANTS PROFESSIONAL CONDUCT FELL

MEASURABLY BELOW THE STANDARD OF AN ORDINARY ATTORNEY <u>COMMONWEALTH V. SAFERIAN 366 MASS 89.</u> <u>FISHMAN V. BROOKS 396 MASS 643.</u> THE PLAINTIFF STATES THAT HE HAS LOSS LIFE AND LIBERTY BASED ON THE DEFENDANT-ATTORNEY'S INDIFFERENCE TO HIS RIGHT TO COUNSEL, WHICH RESULTED IN PREJUDICAL DELAY AND NEEDLESS DUPLICATION OF PRE TRIAL PROCEEDINGS THAT SHOULD HAVE BEEN ACCOMPLISHED BY AUTOMATIC DISCOVERY AT ARRAINGMENT ( MASS.R.CRIM.P. RULE 14 ) AND THAT BUT FOR THE DEPRIVATION OF THE PLAINTIFFS RIGHTS HE WOULD NOT HAVE BEEN FORCED TO EXTENDED PRE TRIAL ANXIETY AND STRESS, BECAUSE THE DEFENDANT-ATTORNEY KNEW THAT HE WAS TO ENGAGE IN A PRE TRIAL CONFERENCE ON FEBUARY 17,2004 BUT BECAUSE HE KNOWINGLY VIOLATED THE PLAINTIFFS RIGHTS ON JANUARY 21,2004 IT CAUSE A SUCCESSIVE AND NEEDLESS EXTENSION OF PROCEDURE THEREBY CAUSING THE PLAINTIFF MENTAL AND EMOTIONAL SUFFERING, BECAUSE THE PLAINTIFF WAS AWARE AT THE OUTSET OF THE IMPORTANT RIGHTS ATTACHED AT BOTH ARRAINGMENT AND PRE TRIAL CONFERENCE HEARINGS.

<u>MARCH 16,2004 PRE TRIAL HEARING</u>

THE PLAINTIFF HAVING BEEN AWARE THAT THE DEFENDANT-ATTORNEY HAD BEEN ASSIGNED TO HIS CASE ON JANUARY 21,2004 SOUGHT MANY TIMES TO CONTACT THE ATTORNEY-DEFENDANT TO NO AVAIL AND FILED HIS OWN MOTION TO DISMISS PURSUANT TO MASS.R.CRIM.P. RULE 13 THE PLAINTIFF EXPLAINED TO THE DEFENDANT-ATTORNEY THAT HE WAS FIRED FOR NOT REPRESENTING HIM AND FOR FAILURE TO BE DILIGENT AND SHOW COMPETENCE, THE PLAINIFIFF WAS CALLED BEFORE THE COURT JUDGE DAVID P. DESPOTOPAULUS AND THE JUDGE ASKED THE PLAINTIFF WHY HE WAS FILING HIS OWN MOTION TO DISMISS, AND THE PLAINTIFF EXPLAINED THE MATTER, IN PART STATING THAT THE DEFENDANT-ATTORNEY HAD JUST FILED AND APPEARANCE FEBUARY 17,2004 AND HAD NOT COME TO SEE HIM AT THE JAIL, THE DEFENDANT-ATTORNEY CHESTER V. SHEA III THEN LIED TO THE JUDGE, WHICH LIE HAS BEEN AUTHENTICATED BY THE SUPREME JUDICAL COURT OF MASSACHUSETTS, THE DEFENDANT-ATTORNEY STATES THAT HE HAD COME TO SEE THE PLAINTIFF AT THE WORCESTER COUNTY JAIL, I THE PLAINTIFF THEN TOLD THE JUDGE THAT THE DEFENDANT-ATTORNEY WAS LYING TO COURT AND THAT IF THE COURT WOULD BUT CALL THE JAIL AND CHECK THE RECORDS IT WILL SHOW THAT HE IS LYING TO THE COURT. THE JUDGE IGNORED THE PLAINTIFF ACCUSATIONS AGAINST THE DEFENDAT-ATTORNEY. ON OR ABOUT APRIL 27,2004 ATTORNEY CHESTER V. SHEA III WITHDREW FROM THE DOCKETED CASE IN THE WOCESTER DISTRICT COURT ON HIS OWN, SEE LETTER DATED APRIL 27,2004 WHICH IS THE ATTORNEY'S RESPONSE LETTER TO THE PLAINTIFFS COMPLAINT AGAINST HIM WITH THE BOARD OF OVERSEERS.

## DEPRIVATION OF RIGHTS

1. THE PLAINTIFF STATES THAT ATTORNEY CHESTER V. SHEA PURPOSEFULLY DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT TO AN ATTORNEY AND THAT THERE IS AMPLE EVIDENCE THAT HE WAS APPOINTED BY THE WORCESTER DISTRICT COURT 0462 CR 000034 BY JUDGE MARTHA BRENNAN ON JANUARY 21,2004 BUT DEPRIVED THE PLAINTIFF OF HIS RIGHT TO COUNSEL AND TO THE ATTENDANT RIGHTS ASOCIATED THEREWITH TO THE EFFECTIVE ASSISTANCE OF COUNSEL OF ORDINARY SKILL AND COMPETENCE AND DELIGENCE.

2. THE CONSTITUTION AFFORDS ALL PERSONS THE RIGHT TO COUNSEL ON CRIMINAL CHARGES, THE PLAINTIFF STATES THAT THE WORCESTER DISTRICT COURT HONORED THAT RIGHT, BUT THAT THE DEFENDANT-ATTORNEY WITH TOTAL INDIFFERENCE TO THE PLAINTIFFS RIGHTS CAUSED HIM THE LOSS OF A PROTECTED RIGHT, AND THAT BECAUSE HE WAS DEPRIVED OF THAT RIGHT, OTHER IMPORTANT RIGHTS THAT ARE CRITICAL AT THE ARRAINGMENT AND PRE TRIAL STAGE OF THE CRIMINAL PROCESS WERE NEGLIGENTLY EXTENDED BEYOND ITS NORMAL COURSE THEREBY CAUSING THE PLAINTIFF MENTAL AND EMOTIONAL PAIN AND SUFFERING AS WELL AS EXTENDED PRE TRIAL ANXIETY AND STIGMATATION.

3. THE PLAINTIFF STATES THAT BECAUSE OF THE CONDUCT OF LYING TO THE WORCESTER DISTRICT COURT AND SUBSEQUENTLY TO THE SUPREME JUDICIAL COURT IN HIS RESPONSE LETTER TO THE COMPLAINT FILED AGAINST HIM BY THE PLAINTIFF, THAT THE DEFENDANT-ATTORNEY HAS IMPAIRED THE PLAINTIFFS CONSCIOUSNESS ON THE INTEGRITY OF THE JUDICAL PROCESS, HE HAS BEEN COUGHT LYING TO THE COURT, AND IN AN ATTEMPT TO COVER THAT LIE HAS FURTHER PERPETUATED THAT LIE TO THE SUPREME JUDICAL COURT OF MASSACHUSETTS BY LYING TO THE BOARD OF BAR OF OVERSEERS ABOUT THE FACT THAT HE WAS APPOINTED ON FEBUARY 1,2004 WHEN TWO FACTUAL RECORDS EXSIST AS TO HIS APPOINTMENT AND ASSIGNMENT ON JANUARY 21,2004 WHICH ARE ENCLOSED FOR THE PURPOSES OF SUBSTANTIATING THIS CLAIM. THE PLAINTIFF STATES THAT WHILE THESE OTHER MATTERS OF THE DEFEDANT- ATTORNEY'S FITNESS MAY BE OUTSIDE THE SCOPE OF THIS ACTION, THAT IT IS RELEVANT TO SHOW THAT THE DEFENDANT -ATTORNEY KNEW AND LIED TO THE COURT AND THE SUPREME JUDICIAL COURT BBO THEREBY CAUSING THE PLAINTIFF SEVERE DISTRUCT IN THE INTEGRITY OF JUDICAL PROCESS TO THE EXTREME POINT WHERE THE PLAINTIFF HAD TO REPRESENT HIMSELF BEFORE THE WORCESTER DISTRICT COURT AT A TRIAL BY JURY ON JULY 21,2004 WHICH RESULTED IN A NOT GUITY FINDING BY THE JURY, THE ACTIONS OF THE DEFENDANT-ATTORNEY CAUSED THE PLAINTIFF A TOTAL

14. BREAKDOWN IN CONSCIOUSNESS IN THE INTEGRITY OF JUDICAL PROCESS, IT IS A SAD DAY INDEED WHERE A OFFICER OF THE COURT CHESTER V. SHEA III DEPRIVED THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHT TO COUNSEL COSTING THE PLAINTIFF SUBJECTION TO SERIOUS STRESS AND ANXIETY MENTAL AND EMOTIONAL PAIN AND EXTENDED PROCEDURES BECAUSE OF LACK OF DELIGENCE AND COMPETENCE THAT ITS SELF REVERBARATES IN THE NEEDLESS RELICATION OF EXTENDED PROCESS THAT IS DIRECTLY THE RESULT OF THE DENIAL OF HIS RIGHT TO COUNSEL THAT CARRIES WITH SUCH A DEPRIVATION OTHER ATTENDANT RIGHTS THAT THEMSELVES CREATE A CHAIN OF DEPRIVATIONS OF CRITICAL PROCEDURAL SAFEGUARDS THAT IF NOT TIMELY ARE DEEMED TO BE WAIVED.

15. THE PLAINTIFF STATES THAT ATTORNEY CHESTER V. SHEA III VIOLATED HIS UNITEDSTATES CONSTITIUTIONAL RIGHTS UNDER THE 6TH AMENDMENT TO BOTH COUNSEL AND THE EFFECTIVE ASSISTANCE OF COUNSEL, HIS CONDUCT FELL MEASURABLY BELOW THAT WHICH IS EXPECTED OF AN ATTORNEY OF ORDINARY SKILL AND COMPETENCE AND DELIGENCE LYING TO A DISTRICT COURT JUDGE IS A COMPLETE FAILURE OR EFFECTIVE REPRESENTATION AND THE CONCURRENT ATTEMPT TO CONCEAL THAT LIE IS A ACTIONABLE BREECH OF CONTRACT AND THE WORST PREJUDICESUFFERABLE BY ANY CLIENT, THE TOTAL LACK OF TRUST IN JUDICIAL INTEGRITY AND PROCESS.

16. THE DEFENDANT-ATTORNEY VIOLATED THE FOLLOWING RULES OF PROFESSIONAL CONDUCT FOR LAWYERS ENACTED BY THE SUPREME JUDICAL COURT OF MASSACHUSETTS RULE 1.1 CLIENT-LAWYER RELATIONSHIP-COMPETENCE, RULE 1.3 DILIGENCE, RULE 1.4 COMMUNICATION, RULE 1.16, RULE 3.3 CANDOR TOWARD TRIBUNAL, RULE 3.5 RULE 4.1 TRUTHFULLNESS IN STATMENTS TO OTHERS, **RULE 6.2 ACCEPTING APPOINIMENTS,** RULE 8.4. (B)(C)(D)(H) THE PLAINTIFF STATES THAT THESE RULES WERE VIOLATED IN THE MATTER OF COMMONWEALTH V. MARCUS DIGGS JR 0462 CR 000034.

## DEMAND FOR JURY TRIAL

17. THE PLAINTIFF DEMANDS THAT HE BE GIVEN A PROMPT JURY TRIAL ON THIS MATTER AS THE ISSUES HEREIN PRESENTED ARE SERIOUS AND SUBSTANTIAL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

MONITARY RELEIF REQUESTED

THE PLAINTIFF REQUEST DAMAGES AGAINST THE ATTORNEY-DEFENDANT IN THE FOLLOWING MANNER:

COMPENSATORY DAMAGES

FOR THE NEGLIGENT DEPRIVATION OF THE PLAINTIFFS RIGHT TO COUNSEL THE PLAINTIFF ASKS EITHER THIS HONORABLE COURT TO AWARD HIM THE AMOUNT OF $500,000.00 FOR THE DEGREE OF NEGLIGENCE IN MISREPRESENTATION OF HIS CASE BEFORE THE WORCESTER DISTRICT COURT ON DOCKET 0462 CR 000034.

PAIN AND SUFFERING

THE PLAINTIFF AS THAT THIS HONORABLE COURT AWARD HIM THE AMOUNT OF $750,000.00 FOR THE EXTREME MENTAL AND EMOTIONAL SUFFERING AND CONSCIOUS AWARENESS THEREOF BY THE PLAINTIFF BE AWARDED TO HIM FOR HIS EXTENDED EXPOSURE TO THE WILLFULL AND DILIBERATE INFLICTION OF THE SAME BY ATTORNEY CHESTER V. SHEA III, WHO'S ACTIONS REFLECT A TOTAL INDIFFERENCE TO THE RIGHTS OF THE PLAINTIFF AND ASSOCIATED LIBERTY INTERESTS THEREON.

PUNITIVE DAMAGES

THE PLAINTIFF ASKS THIS HONORABLE COURT TO AWARD HIM THE AMOUNT OF $1,000,000.00 IN PUNITIVE DAMAGES BASED ON THE CONSCIOUS AND WILLFUL VIOLATION OF THE PLAINTIFFS RIGHTS TO COUNSEL AND FOR THE SOCIAL AND PERSONAL STIGMATATION SUFFERED BY AND THROUGH THE INDIFFERENT ACTIONS OF ATTORNY CHESTER V. SHEA III AND FOR HIS DILIBERATE INTENT TO PERPETUATE THE VIOLATION OF THE PLAINTIFFS RIGHTS UNDER OFFICAL LIES TO TH WOCESTER DISTRICT COURT AND TO THE SUPREME JUDICIAL COURT IN FURTHERANCE OF HIS WILLFUL AND MALICIOUS DEPRIVATION OF THE PLAINTIFFS RIGHTS AFFORDED TO HIM UNDER 42 U.S.C.A. 1983.

THE PLAINTIFF STATES THAT IF IT IS WITHIN THE JURISDICTION OF THIS HONORABLE COURT TO SO AWARD THE PLAINTIFF IN PART OR IN WHOLE THE REQUESTED RELIEF CITED ABOVE WITHOUT TRIAL BY JURY, THEN HE HEREIN REQUEST THAT THE ABOVE RELIEF BE ORDERED AGAINST THE DEFENDANT ATTORNEY-CHESTER V. SHEA III AND CONCURRENTLY AGAINST THE ENUMERATED DEFENDANTS ET AL AS THE AMOUNTS HEREIN REQUEST WILL MORELIKELY THAN

PG 9-13

NOT GO BEYOND THE DEFENDANT-ATTORNEYS PROFESSIONAL AND PERSONAL INSURANCE COVERAGE, THE PLAINTIFF STATES THAT THE AGENCIES HEREIN ENUMERATED ARE CONCURRENTLY LIABLE FOR THE CONDUCT OF THE DEFENDANT AND ASK THAT THE SUMS REQUESTED BE ACCESSED IN ITS TOTAL AGAINST THE DEFENDANT(s) AS THEY ARE PARTIES TO THE ACTIONS OF THE DEFENDANT-ATTORNEY CHESTER V. SHEA III.

WHEREFORE THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT ENTER AN INJUNCTIVE AND DECLARTORY JUDGEMENT AND RULING AGAINST THE PARTIES HEREIN NAMED.

RESPECTFULLY SUBMITTED

MARCUS B. DIGGS JR
WORCESTER COUNTY HOUSE OF CORRECTION
5 PAUL X TIVNAN DRIVE
WEST BOYLSTON MASS 01583.

CERTIFICATE OF SERVICE ENCLOSED

RECORD OF APPENDIX ENCLOSED
TABLE OF CONTENTS.
TABLE OF AUTHORITIES RELIED ON

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCUS B. DIGGS JR                                              CIVIL ACTION _____

V.

CHESTER V. SHEA III BBO45582
ET AL

<u>AFFIDAVIT IN SUPPORT OF COMPLAINT</u>
<u>COMITTEE FOR PUBLIC COUNSEL SERVICE</u>
<u>AMERICAN BAR ASSOCIATION</u>
<u>CHESTER V. SHEA III</u>

1. I, MARCUS B. DIGGS JR AM THE PLAINTIFF IN THE ABOVE CAPTIONED MATTER AND STATE THAT THE FOLLOWING IS TRUE AND ACCURATE UNDER THE PAINS AND PENALTIES OF PERJURY.

2. THAT THE DEFENDANTS WERE UNDER ( CONTRACT ) TO PROVIDE THE PLAINTIFF WITH COUNSEL UNDER THE UNITED STATES CONSTITUTION 6 AMENDMENT AND THAT UNDER COLOR OF STATE LAW AS WELL AS UNDER FEDERAL LAW WERE OBLIGATED TO PROVIDE THE ( EFFECTIVE ASSISTANCE OF COUNSEL ) BY AND THROUGH THE DEFENDANT ATTORNEY CHESTER V. SHEA III BBO 45582 AND FAILED IN THE PERFORMANCE OF THAT CONTRACT WILLFULLY AND KNOWINGLY WITH DILIBERATE INDIFFERENCE TO THE COMPETENCE LEVEL OF SERVICE PROVIDED.

3. THE DEFENDANTS KNEW OR HAD REASON TO KNOW THAT THE LEVEL OF REPRESENATION BEING PROVIDED TO THE PUBLIC AND MORE SPECIFICALLY TO THE PLAINTIFF THROUGH ATTORNEY CHESTER V. SHEA III FELL MEASURABLY BELOW THAT REQUIRED OF A ORDINARY FALLIBLE ATTORNEY, THE PLAINTIFF STATES THAT THE DEFENDANT(S) ET AL ARE UNDER OBLIGATION BY AND THROUGH THE UNITED STATES CONSTITUTION 6 AMEND REQUIRED TO PROVIDE THE PUBLIC WITH COUNSEL AND THAT ON JANUARY 21,2004 THE WOCESTER DISTRICT COURT JUDGE MARTHA BRENNAN ( APPOINTED ) ATTORNEY CHESTER V. SHEA III BBO 45582 TO REPRESENT THE PLAINTIFF IN THE CASE OF COMMONWEALTH V. MARCUS DIGGS 0462 CR 000034 UNDER SJC RULE 3:10. THE PLAINTIFF STATES THAT THE DEFENDANTS HAVE IN THEIR DIRECT POSSESSION INFORMATION OF THE DEFENDANTS RECORD OF REVIEW OF KNOWLEDGE,SKILL,COMPETENCE AND ETHICAL AND MORAL OBSERVANCE OF THE RULES OF PROFESSIONAL

PG 11-13

CONDUCT SJC RULE 3:07 AND FURTHER KNEW OR HAD REASON TO KNOW OF INFORMATION IN ITS ACTUAL OR CONSTRUCTIVE POSSESSION THAT ADVERSLY AFFECT THE LEVEL OF REPRESENTATION PROVIDED TO SAID PLAINTIFF AND TO THE PUBLIC AT LARGE. THE PLAINTIFF STATES THAT THE DEFENDANT ATTORNEY CHESTER V. SHEA III FAILED BY THE STANDARD OF AN ORDINARY ATTORNEY WHEN HE REFUSED THE APPOINTMENT TO THE PLAINTIFFS CASE 0462 CR 000034 IN VIOLATION OF SJC RULE 3:10 AND FAILED TO FILE AN APPEARANCE WITHIN 48 HOURS OF NOTICE OF ASSIGNMENT TO THE CASE.

THE PLAINTIFF STATES THAT HE WAS ENTITLED TO A SUFFICIENTLY PREPARED ATTORNEY WHO THROUGH BOTH DILIGENCE AND COMPETENCE AND THOROUGHNESS OF PREPARATION WOULD PROVIDE SUFFICIENT LEGAL REPRESENTATION OF IMPORTANT LEGAL PRE TRIAL RIGHTS, ALTHOUGH NOT NECESSARY THE PLAINTIFF POINTS TO THE LOSS OF HIS RIGHTS UNDER M.G.L.C. 276 .38-41-42, M.G.L.C. 218.30 TO A PROMPT DETERMINATION OF PROBABLE CAUSE AND TO FACE HIS ACCUSERS AND WITNESSES AND TO SUBJECT THE SAME TO CROSS-EXAMINATION AND TO PRESENT PROOFS AND TESTIMONY FAVORABLE TO HIS FACTUAL AND ACTUAL INNOCENCE UNDER THE FULLY DEVELOPED ADVERSAY PROCESS UNDER THE STATE STATUTES CITED SUPRA, THE PLAINTIFF STATES THAT THESE RIGHTS WERE LOST BY AND THROUGH THE DEPRIVATION OF HIS RIGHT TO COUNSEL AND TO COUNSEL WHO IS EFFECTIVE IN THE PROFESSION OF CRIMINAL LAW. THE PLAINTIFF STATES THAT THE MASSACHUSETTS LEGISLATURE ENACTED THE ABOVE CITED STATUTES TO PROVIDE THE PUBLIC WITH A ( SCREENING TOOL ) WHEREBY THE COMMONWEALTHS EVIDENCE IS SUBJECTED TO FULLY DEVELOPED ADVERSARY PROCESS TO SCREEN OUT THOSE CASES THAT SHOULD NOT GO TO TRIAL EITHER IN THE SUPERIOR COURT OR TO THE TRIAL SESSION IN THE DISTRICT COURT, THE PLAINTIFF POINTS TO THE CRITICAL FACT THAT IF THESE RIGHTS HAD BEEN AFFORDED AND ASSERTED AND PROTECTED BY SUFFICIENT LEGAL REPRESENTATION THEN THE PLAINTIFF WOULD NOT HAVE HAD TO SUFFER THE MENTAL AND EMOTIONAL PERILS OF EXTENDED PRE TRIAL DELAY BASED ON THE NEGLIGENCE OF THE DEFENDANT WHICH RESULTED IN LOSS OF PUBLIC CONSCIOUSNESS IN THE INTEGRITY OF JUDICIAL PROCESS OF WHICH THE PLAINTIFF IS PART AND PARCEL TO THAT PUBLIC MIND WITH RESPECT TO JUDICIAL INTEGRITY. THE PLAINTIFF STATES THAT WHILE HE CITES THE RIGHT LOST THAT THE MERE NATURE OF DEPRIVATION OF COUNSEL FOR ANY PERIOD OF TIME TO WHICH OTHER RIGHTS ATTACH IS ACTIONABLE BREECH OF CONTRACT BY THE DEFENDANT ET AL.

Case 4:05-cv-40025-FDS   Document 1   Filed 02/07/2005   Page 13 of 14

PG 12-13

## TRIAL BY JURY

THE PLAINTIFF STATES THAT ON OR ABOUT APRIL 13,2004 I THE PLAINTIFF AFTER HAVING SUFFERED MENTAL AND EMOTIONAL STRESS FROM EXTENDED PRE TRIAL DETENTION BECAUSE OF THE NEGLIGENCE OF ATTORNEY CHESTER V. SHEA III WHO HAD KNOWINGLY, AND WILLFULLY LIED TO JUDGE DAIVD P. DESPOTOPALUS ON MARCH 16,2004 TELLING THE JUDGE THAT HE HAD COME TO THE WORCESTER COUNTY JAIL TO VISIT THE PLAINTIFF I COULD NO LONGER BEAR TO SUFFER UNDER SUCH MORAL AND ETHICAL CORRUPTION BY AN ATTORNEY THAT IS SUPPOSE TO REPRESENT MY BEST INTEREST, IF HE COULD LIE TO A JUDGE, THE HE COULD NOT BE HELD TO ANY STANDARD OF TRUST CENTRAL TO ANY REPRESENTATION, I, MARCUS B. DIGGS JR DECIDED THAT I COULD NO LONGER TRUST ATTORNEY CHESTER V. SHEA III AFTER HE HAD 1.) REFUSED THE ASSIGNMENT TO MY CASE IN VIOLATION OF

6. SJC RULE 3:10 THEREBY CIRCUMVENTING CRITICAL PRE TRIAL RIGHTS AND 2.) KNOWINGLY AND WILLFULLY LIED TO A DISTRICT COURT JUDGE ON MARCH 16,2004, I, THE PLAINTIFF HAD TOLD THE JUDGE ABOUT TH MATTER WHO EFFECTIVE INGORED THE PLAINTIFFS CONTENTIONS, I FELT THAT I COULD NOT TRUST ANYONE IN THE WORCESTER DISTRICT COURT AT THAT POINT AND MY CONSCIOUS NATURE SUFFERED IN THE JUDICIAL PROCESS AND ITS INTEGRITY I REPRESENTED MY SELF PROSE AND SUFFERED MANY DENIALS TO COMPULSORY PROCESS TO ACCESS INFORMATION BY AND THROUGH THE WROCESTER DISTRICT COURT CLERKS OFFICE WHO WOULD NOT RESPOND TO MY LEGITIMATE REQUEST AND REQUEST THAT WERE MADE OF THE PROSECUTORS OFFICE JOHN J. CONTE THROUGH ADA MARIE A ANGERS WHO REPRESENTED THE COMMONWEALTH AT THAT TIME.

ON JULY 21,2004 I THE PLAINTIFF REPRESENTED MYSELF AT A JURY TRIAL BEFORE A JURY OF SIX BEFORE THE HONORABLE JUSTICE ANDREW MANDELLIAND WA FOUND NOT GUILTY BY THE JURY AS TO ALL COUNTS AS CHARGED AND HAVE INCLUDED A RECORD OF THIS FACT HEREIN, I THE PLAINTIFF STATE THAT BUT FOR THE NEGLIGENT AND

7. MALICIOUS CONDUCT OF THE DEFENDANT ATTORNEY CHESTER V. SHEA III IN DENYING THE PLAINTIFF EFFECTIVE REPRESENTATION WOULD NOT HAVE HAD TO SUFFER THE PERIL OF SELF REPRESENTATION, ALTHOUGH THIS DECISION WAS MADE KNOWING AND VOLUNTARILY THE EXTREME SUBJECTION TO MALICIOUS ACTS BY ATTORNEY CHESTER V. SHEA III IRREPABLY DAMAGED THE PLAINTIFFS CONSCIOUSNESS TO THE POINT WHERE ANY APPEARANCE OF THE SYSTEM HAVING ANY INTEGRITY WAS FOREVER LOST.

I, THE PLAINTIFF MARCUS B. DIGGS JR DO STATE AND DEPOSE THAT THE DEFENDANT(S) PARTICULARLY THE COMITTE FOR PUBLIC COUNSEL SERVICE AND THE AMERCIAN BAR ASCOIATION ARE CORRECT PARTIES TO THIS MATTER AS THEY ARE ORGANIZATIONS WHO REPRESENT AND PROVIDE FOR PUBLIC COUNSEL SERVICE AND AS SUCH ARE DIRECTLY AND IMPLIEDLY REPSONSIBLE FOR THE ACTIONS OF THE DEFENDANT ATTORNY CHESTER V. SHEA III AND THAT BECAUSE HIS CONDUCT EITHER IN ITS PROFESSIONAL OR PERSONAL COMPACITY ARE SUBJECT TO THE SUPERVISORY POWERS OF THE THE DEFENDANTS THAT THEY CANNOT CALIM INDEPENDANCE, BECAUSE THEY ARE THE AGENCY BY AND THROUGH PUBLIC COUNSEL SERVICE IS PROVIDED TO THE CITIZENS OF THIS COMMONWEALTH AND ARE THEREFORE RESPONSIBLE EQUALLY FOR THE ACTS OR OMISSIONS COMITTED BY THE DEFENDANT WHETHER OR NOT THEY WERE COMITTED MALICIOUSLY, WILLFULLY, OR IN ANY OTHER MANNER.

WHEREFORE THE PLAINTIFF STATES THAT THE FOREGOING IS A TRUE AN ACCURTE STATEMENT OF HIS WILL WITHOUT COERCION OR DURESSS AND ASK THIS HONORABLE COURT TO HOLD THE DEFENDANTS EQUALLY LIABLE WITH THE DEFENDANT AS HIS CONDUCT IS IN WHOLE A CONTRACT WITH ALL THE PARTIES SO ASOCIATED THAT THE DEFENDANTS ARE STATE AGENCIES REQUIRED TO PROVIDE A SUFFICIENT LEVEL OF LEGAL REPRESENTATION CANNOT BE DISPUTED, AND AS SUCH KEEPERS CANNOT DISCLAIM RESPONSIBILITY FOR THOSE SUBJECT TO ITS RULES POLICIES AND OTHER DIRECTIVES LAWFULLY IMPOSED BY CONTRACT AS ESTABLISHED UNDER THE UNITEDSTATES CONSTITUTION OF AMERICA 6 AMENDMENT.

RESPECIFULLY SUBMITTED

*Marcus Diggs*

MARCUS B. DIGGS JR

Rev. 5/99)

# CIVIL COVER SHEET

ATTACHMENT 2

civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use rk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**LAINTIFFS**

MARCUS B. DIGGS JR

ounty of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

ATTORNEY CHESTER V. SHEA III 45582
COMITTE FOR PUBLIC COUNSEL SERVICE
AMERICAN BAR ASOCIATION

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

ttorney's (Firm Name, Address, and Telephone Number)

PROSE

Attorneys (If Known)

05-40025

UNKNOWN

**SIS OF JURISDICTION** (Place an "X" in One Box Only)

- . Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- . Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

42 U S C A 1983

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| surance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| arine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| iller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| egotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ecovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 470 Racketeer Influenced and |
| edicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ecovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| udent Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| xcl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| ecovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| f Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | LABOR | SOCIAL SECURITY | 12 USC 3410 |
| ockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ther Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 392 Economic Stabilization Act |
| ontract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| EAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| and Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 900 Appeal of Fee |
| oreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | Determination Under |
| Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | | Equal Access to Justice |
| orts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of |
| ort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ll Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | 42 USCA 1983 | ☐ 550 Civil Rights | | | 42 USCA 1983 |
| | | ☐ 555 Prison Condition | | | |

**RIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ ORIGINAL Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**AUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

U S CONSTITUTION 42 U S C A 1983

DEFEDANT(S) DEPRIVED THE PLAINTIFF OF HIS RIGHT TO COUNSEL UNDER THE 6 AMEND TO THE

**REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD  /s/ Marcus Diggs

FFICE USE ONLY

JUDGE _____ MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT 3

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

MARCUS B. DIGGS JR V. CHESTER V. SHEA III ET AL

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

**05-40025**

| | | |
|---|---|---|
| 410 | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| ___ | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. |
| ___ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ___ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ___ | V. | 150, 152, 153. |

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES [X]   NO [ ]

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES [ ]   NO [X]

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES [ ]   NO [X]

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES [ ]   NO [X]

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

ONE PARTY RESIDES IN CHISAGO ILL.    YES [ ]   NO [X]
ANOTHER RESIDES IN BOSTON MASS.

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION [ ]   CENTRAL DIVISION [X]   WESTERN DIVISION [ ]

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION [ ]   CENTRAL DIVISION [X]   WESTERN DIVISION [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   MARCUS B. DIGGS JR PROSE 31123
ADDRESS   WORCESTER COUNTY JAIL 5 PAUL X TIVNAN DRIVE WEST BOYLSTON MASS 01583
TELEPHONE NO.   N/A

(Att3Cover sheet local.wpd - 11/27/00)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.