UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARCUS B. DIGGS, JR., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-40025-FDS |
| COMMITTEE FOR PUBLIC COUNSEL SERVICES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

For the reasons stated below: (1) plaintiff's application to proceed without prepayment of fees is ALLOWED; (2) plaintiff's motion for appointment of counsel is DENIED; and (3) plaintiff is directed to show cause within 42 days why this action should not be dismissed for the reasons stated herein.

## FACTS

On February 7, 2005, plaintiff Marcus B. Diggs, Jr., a pretrial detainee at the Worcester County House of Correction, filed a self-prepared civil rights complaint under 42 U.S.C. § 1983 against attorney Chester Shea III (his court-appointed defense counsel in state criminal proceedings), the Committee for Public Counsel Services ("CPCS"), and the American Bar Association ("ABA").[1]

According to the complaint, plaintiff entered into a contract with Shea, under which Shea promised to provide him with effective assistance of counsel in connection with a state criminal

---

[1] Although the complaint uses the phrase "et al.," no other parties are identified as defendants.

case (Docket No. 0462 cr 000034); the contract was executed under the "supervision" of the CPCS and the ABA. Complaint, ¶1. The crux of the complaint is plaintiff's contention that Shea's representation was ineffective, reckless, and malicious, and effectively deprived him of his Sixth Amendment right to counsel.

More specifically, plaintiff contends that, on January 21, 2004, Shea was appointed by the Worcester District Court to represent him in a state criminal proceeding. Plaintiff contends that Shea failed to file a notice of appearance within 48 hours of appointment, as required by Supreme Judicial Court Rule 3:10(A), and then later falsely advised the court about the date upon which he received notice that he was appointed. *Id.* at ¶¶ 2-3. He further alleges that Shea came unprepared to a pretrial conference on February 17, 2004, and acted "with deliberate indifference of the Plaintiff's rights and engaged in a pretrial conference proceeding with total recklessness and malicious conduct, knowing and well knowing that he had not even filed an appearance until February 17, 2004." *Id.* at ¶ 4. Plaintiff asserts that, because Shea did not have the police report with him at the pretrial conference, he was unprepared to participate effectively in the conference, and that plaintiff suffered prolonged pretrial detention, as well as extensive pretrial anxiety and stress, as a result of Shea's conduct. *Id.* at ¶¶ 5, 7, 8. Plaintiff fired Shea after the pretrial conference and elected to proceed *pro se* for his criminal trial. *Id.* at ¶ 10. Plaintiff states that, after a trial by jury, he was found not guilty. *Id.* at ¶13.

With respect to his claims against the CPCS and the ABA, plaintiff does not expressly set forth any factual allegations. He states only that Shea was acting "under the direction and supervision of the Defendant(s)," *Id.* at ¶1, and that defendants breached a contract for legal services.

## ANALYSIS

### I.    The *In Forma Pauperis* Application

Plaintiff submitted an Application to Proceed Without Prepayment of Fees (#2), alleging that he has no assets or income. The application is accompanied by a prison account statement, which indicates that he has a $0 balance. Accordingly, plaintiff has sufficiently demonstrated he is without funds to pay the $250.00 filing fee for civil actions, and his motion will be allowed.[2]

Plaintiff contends that he is a pretrial detainee "and is not incarcerated." This may be an error on plaintiff's part; he presumably meant that he is not a convicted prisoner. In any event, the Court has confirmed that plaintiff is in pretrial detention pending a criminal trial. As such, plaintiff is a "prisoner" under 28 U.S.C. § 1915(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is <u>accused</u> of . . . violations of criminal law . . . ." 28 U.S.C. §1915(h) (emphasis added). Thus, the provisions of § 1915(b) for assessment of the filing fee for prisoners is applicable.[3]

### II.    The Merits of the Complaint

####    A.    Plaintiff's Complaint Is Subject to Screening

Because plaintiff is a prisoner, he is subject to the Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996). The PLRA contains several provisions that empower the Court to screen and dismiss prisoner complaints. See 28

---

[2] The filing fee for civil actions increased from $150.00 to $250.00 effective February 7, 2005. *See* Section 307 of The Omnibus Appropriation Act for 2005, which increases the statutory fee prescribed under 28 U.S.C. § 1914(a).

[3] Because plaintiff has no funds to make an initial partial payment of the fee, he is obligated, pursuant to 28 U.S.C. §1915(b)(2), to make monthly payments of 20 per cent of the preceding month's income credited to the prisoner's account until the statutory filing fee of $ 250.00 has been paid in full.

U.S.C. §§ 1915 (proceedings *in forma pauperis)*, 1915A (screening of prisoner suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Section 1915A also authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity. The Court may dismiss such actions, whether or not the plaintiff has paid the filing fee, if they lack an arguable basis in law or fact, fail to state a claim, or seek relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

In this case, even construing plaintiff's pleadings generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), his action is subject to dismissal for the reasons stated below.

### B.    The Complaint Does Not Comply with Fed. R. Civ. P. 8(a)

Although the Court recognizes that *pro se* complaints must be liberally construed, *Haines* 404 U.S. at 520-21, plaintiff's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). This standard sets a relatively low pleading threshold, and generally, the Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Here, plaintiff has not clearly set forth causes of action against any of the defendants. His characterizations of Shea's conduct oscillate from "reckless and malicious" (¶4), to "knowing and willful with reckless disregard" (¶6), to "negligent" (¶7), and back again. However, merely alleging that Shea acted knowingly and willfully and with reckless disregard for plaintiff's rights is insufficient to state a valid § 1983 claim, because he has not alleged any state action, nor is appointed counsel a state actor, as discussed *infra*. Similarly, he has not alleged any facts to support a § 1983 civil rights claim against the CPCS or the ABA. Therefore, plaintiff's claims against all named defendants are subject to dismissal under Fed. R. Civ. P. 8(a).

### C.  Plaintiff's § 1983 Claims Lack an Arguable Basis in Law under §1915(e)(2)(ii)

In addition, plaintiff's § 1983 claims lack an arguable basis in law because (1) an appointed defense attorney is not a "state actor" for purposes of § 1983; and (2) *respondeat superior* is an invalid theory of § 1983 liability.

#### (1)  Appointed Public Defenders Are Not State Actors

Plaintiff's claims against Shea based on alleged ineffective legal representation do not give rise to a cause of action under 42 U.S.C. § 1983. A public defender does not act under color of state law in performing a lawyer's traditional function as counsel to an indigent defendant, and therefore cannot be sued under § 1983 as an agent of the state. *Polk County v. Dodson*, 454 U.S.

313, 471 (1981); *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (same). "Even when the defective performance of the state appointed attorney causes 'the trial process to deprive an accused person of his liberty in an unconstitutional manner,'" as is alleged here, "'the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)(Stearns, J.) *citing Polk*, 454 U.S. at 325, *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995), and *quoting Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983). Thus, plaintiff's claims against Shea are subject to dismissal. *Polk County*, 454 U.S. at 471.

### (2)   There Is No *Respondeat Superior* Liability under §1983.

Plaintiff contends that the CPCS and the ABA are responsible for the actions and "supervision and training" of certain persons, including Shea. Even assuming the dubious proposition that both entities played such a role, there is no right of action under § 1983 on a theory of vicarious liability. *See, e.g., Pinto v. Nettleship*, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under §1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); *accord Guzman v. City of Cranston*, 812 F.2d 24, 26 (1st Cir. 1987) (same); *Rodriguez-Vazquez v. Cintron-Rodriguez*, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims; allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient). Thus, plaintiff's § 1983 claims against the CPCS and the ABA are also subject to dismissal.

### D.   Plaintiff's State Law Claims

Because plaintiff's federal claims are subject to dismissal, grounds do not appear to exist

for independent federal subject matter jurisdiction over any state law claims, such as legal malpractice or breach of contract against the CPCS or the ABA. In the absence of such jurisdiction, the Court may still exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction, however, is discretionary. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). A federal court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial. *Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); *accord Rose v. Baystate Med. Ctr., Inc.*, 985 F. Supp. 211, 218-219 (D. Mass. 1997). In this case, plaintiff has not expressly asserted any claim other than a § 1983 action. Assuming, without deciding, that the complaint sets forth facts giving rise to additional state law claims, the Court nevertheless declines to exercise supplemental jurisdiction at this juncture for any such claims.

**III.   The Motions for Appointment of Counsel**

Under § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff has no constitutional right to court-appointed counsel. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist, such that denial of counsel will result in fundamental unfairness and impinge on the party's due process rights. *Id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself or herself. *Id.* at 24 (citations omitted).

In accordance with this standard, plaintiff's request for counsel will be denied. There may indeed be a genuine issue as to plaintiff's ability to pay for counsel; however, this case does not present exceptional circumstances warranting appointment of counsel, especially in light of the dubious merits of the case.[4]

### **Order**

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1. Plaintiff's application to proceed without prepayment of fees is ALLOWED.

2. Plaintiff's Motion for Appointment of Counsel is DENIED.

3. Plaintiff shall, within forty-two (42) days of the date of this order, show cause why this action should not be dismissed for the reasons stated herein.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 28, 2005

---

[4] There is no basis for the Court to provide funds for counsel appointed to civil litigants such as plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept an appointment voluntarily. *Cf.* 18 U.S.C. §3006A (appointment of counsel in habeas petitions under 28 U.S.C. §§ 2241, 2254 and motions under §2255).