1-2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCUS B. DIGGS JR 31123
WORCESTER COUNTY JAIL
5 PAUL X TIVNAN DRIVE
WEST BOYLSTON MASS 01583.

RE: C.A.05-40025-FDS

MARCH 6,2005

TO: THE HON.DENNIS F. SAYLOR

    MY NAME IS MARCUS B. DIGGS JR AND I AM THE PLAINTIFF IN THE THE ABOVE MATTER. I AM IN RECEIPT OF YOUR MEMORADUM AND ORDER DATED: FEB 28,2005 GRANTING ME 42 DAYS TO JUSTIFY WHY THE ACTION SHOULD NOT BE DISMISSED.

    SIR, RESPECTFULLY I WOULD LIKE TO STATE THAT THIS LETTER IS NOT IN ANY RESPECT A RESPONSE TO THE MEMORANDUM AND ORDER, BUT IS A REQUEST ASKING HUMBLY THAT YOUR HONOR GRANT A ( REASONABLE ) EXTENSION OF TIME WHEREIN TO REPLY TO THE MEMORANDUM AND ORDER. THE BASIS OF MY REQUEST IS BECAUSE THE WORCESTER COUNTY JAIL HAS BEEN IN A COMPLETE LOCK DOWN SINCE THE 4TH OR 5TH OF MARCH AND MY ABILITY TO ACCESS THE LAW MATERIAL FOR AN EFFECTIVE REPLY HAS BEEN CUT-OFF SINCE THE LOCK DOWN. I AM ALSO REPRESENTING MY SELF AT A JURY TRIAL ON MARCH 10,2005 IN THE DISTRICT COURT AND BOTH HUMBLY AND KINDLY ASK THIS HONORABLE COURT TO CONSIDER THAT AS A FACTOR MATERIAL TO AN EFFECTIVE RESPONSE TO THE MEMORANDUM AND ORDER THE DOCKET NUMBER TO THE CASE IN THE WORCESTER DISTRICT COURT THAT I AM SCHEDULED FOR A JURY TRIAL IS 0462 CR 010100, I HAVE ALSO PROVIDED A COPY OF THE NOTICE OF TRIAL DATE GIVEN TO ME BY THE COURT ADN THIS CAN BE VERIFIED WITH THE CLERKS OFFICER OF THE WORCESTER DISTRICT COURT. BOTH OF THESE MATTERS ARE VERIFIABLE,ESPECIALLY

ESPECIALLY SINCE I AM REPRESENTING MYSELF AT A CRIMINAL JURY TRIAL. THESE ARE NOT EXCUSES SIR, I A VESTED INTEREST IN UPHOLDING MY §1983 CLAIM.

PLEASE RESPOND TO THIS LETTER IF POSSIBLE BEFORE MARCH 10,2005 MY JURY TRIAL DATE IN THE WORCESTER DISTRICT COURT.

I THANK YOU FOR YOUR TIME AND ATTENTION IN THIS MATTER.

RESPECTFULLY SUBMITTED

MARCUS B. DIGGS JR PROSE

| NOTICE OF TRIAL DATE | DOCKET NUMBER 05~ /0/05 | Trial Court of Massachusetts District Court Department |
|---|---|---|
| COURT DIVISION Worcester District Court 50 Harvard Street Worcester, MA. 01608 | COMMONWEALTH VS _Marcus Diggs_ NAME OF DEFENDANT | |

### TRIAL DATE

The PRETRIAL proceedings in this case having concluded without a pretrial disposition, **this case is now scheduled for trial as follows:**

Place: _Worcester_ District Court

Date: _3/10/05_

Time: _8:30_

Defendant's right to trial by jury ☐ HAS ☐ HAS NOT been waived. (If waived, court waiver form must be completed.)

RECEIPT of this notice acknowledged:

_____   _____
Defendant                Date           Prosecutor             Date

_____
Defense Counsel          Date

**N.B.:** Withdrawal of counsel is permitted only in accordance with S.J.C. Rule 3:10(8)(b)(assigned counsel), S.J.C. Rule 3:07, DR 2-110 (private counsel), and applicable law.

**N.B.:** Commonwealth's case file must be promptly transmitted to the prosecutor responsible for trial, if the latter is other than the above-signed.

White copy:    Court
Pink copy:     Prosecutor
Blue copy:     Defendant

DC-CR 25 (1/94)

COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT

WORCESTER, SS.                                    WORCESTER DIVISION

DKT 0462 CR 0054

MARCUS B. DIGGS, JR.,

VS.

COMMONWEALTH OF MASSACHUSETTS

DECISION ON DEFENDANT'S MOTION FOR COMPENSATION
PURSUANT TO M.G.L. Ch.277, Sec. 73

The defendant represented himself at a jury trial on July 21, 2004 which resulted in not guilty findings by the jury. He had been in custody from the date of his arrest on January 20, 2004 until he was discharged on July 21, 2004.

While this decision is not predicated on the length of time that the defendant spent in custody, the court notes that the record reflects that some of that time was due to the defendant's dissatisfaction with appointed counsel.

The Commonwealth argues that the plain language of the statute refers to persons who have been indicted and therefore does not apply to persons confined as a result of the issuance of a District Court complaint. The defendant counters that the statute is applicable to any person kept in confinement for six months.

This court agrees with the position taken by the Commonwealth. Not only are there several references to the word indictment in the statute, but the language refers specifically to (a) Superior Court justice (sitting in and for the county where the indictment was found).

The defendant's motion is therefore denied.

Dated: November 4, 2004                     By the Court,

                                            Andrew L. Mandell
                                            First Justice